**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN **2 7** 2025

**TAMMY H. DOWNS, CLERK**

By:_____
                                    **DEP CLERK**

| | |
|---|---|
| DONALD STEPHENS, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| VS. | ) CASE NO.: 4:25-cv-69-KGB |
| | ) |
| AAA COOPER TRANSPORTATION,INC. | ) |
| | ) |
| Defendant. | ) This case assigned to District Judge Baker |
| | ) and to Magistrate Judge Ervin |

**COMPLAINT**

Plaintiff, Donald Stephens ("Plaintiff") filed the Complaint against Defendant, AAA Cooper Transportation, Inc. to recover damages and to secure equitable and other relief under the governing statutes and states as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff bring this action under the laws of the United States of America, in particular, the American with Disabilities Act of 1990, 42 U.S.C 12101 et seq ("ADA"), the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; 42 U.S.C. § 1981 and Fair Debt Reporting Act. Plaintiff brings this action under the Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107.

2.  The Court 's jurisdiction is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and Ark. Code Ann. §16-123-107(c)(1)(A).

3.  Venue is proper pursuant to 28 U.S.C. § 1391(b). The actions complained of have

1

occurred within the jurisdiction of this Court and involve Defendants located within the jurisdiction of this Court. The actions complained about this Complaint occurred within the jurisdiction of this Court and involve the Defendant located within the jurisdiction of this Court.

## PARTIES

4.   Plaintiff is an African American citizen of the United States and a resident of the County of Little Rock, Pulaski County, Arkansas and at all times relevant to this cause.

5.   Defendant, AAA Cooper Transportation, Inc. is a foreign for-profit corporation that conducting business at 4500 Thibailt Rd., Little Rock, Pulaski County, Arkansas at all times relevant to this cause. Its agent is service if Registered Agent Solutions, Inc., 4250 Venetian Lane, Fayetteville, AR 72703.

## NATURE OF CAUSE OF ACTION

6.   The Complaint is a cause of action to recover damages against Defendant for unlawful discrimination against the Plaintiff and in violations of his civil rights under 42 U.S.C. § 2000e, et. Seq., the Americans With Disabilities Act as Amended and the Fair Crediting Report Act ('FCRA")

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7.   Plaintiff has exhausted his administrative remedies in that he filed an administrative Chares of Discrimination with the Equal Employment Opportunity Commission (:"EEOC") in said administrative Charge of Discrimination, Plaintiff asserted that he was subjected to discrimination by his employer, (See attached Exh.

2

"A"). The Charge of Discrimination was accepted the EEOC, which issued a "Notice of Suite Rights, dated October 29, 2024. (See Exh. "B")

## STATEMENT OF FACTS

8.    In September of 2024, the Plaintiff applied for a position as commercial truck driver.

9.    The Defendant had a conditional offer of employment on or around September 6, 2024.

10.    The Defendant withdrew the conditional offer of employment on or around October 9, 2024, based on an alleged failed drug test.

11.    The Plaintiff was qualified to be a commercial truck driver at the time that the offer of employment was rescinded.

12.    That the Plaintiff explained to an employee, agent, servant, or representative of the Defendant that he has a disability that resulted in him using a hemp product for sleep and anxiety that resulted in a false positive on a drug test.

13.    That Plaintiff asked to be accommodated as result of his disability through the Defendant's employee, agent, servant, or representative of the Defendant, but no interactive process occurred.

14.    That Defendant hired a company to perform a background investigation on which the Defendant based its employment decision not to hire the Plaintiff.

## COUNT I.

## DISCRIMINATION PURSUANT TO 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981

3

15. That the Plaintiff realleges paragraph numbered (1) through (14) as though set forth word for word herein.

16. That the Plaintiff was qualified for the position of commercial truck driver at all times pertinent to this cause of action.

17. That the Plaintiff had a CDL driver's license that was in active status that would have qualified him for the position of commercial truck driver.

18. That the Defendant withdrew the offer of employment and hired an individual outside of the protected class that was less qualified.

19. That the Defendant withdrew the offer of employment based on a previous drug test showed that TCHA, that the Agricultural Improvement Act of 2018 removed from the Controlled Substance Act as marijuana.

20. That Defendant refused to conduct an investigation to determine if a legal hemp product could have caused a false-positive test for marijuana.

21. That the Defendant discriminated against the Plaintiff on the basis of his race when it failed to conduct a thorough investigation of his claim of a false-positive drug test and withdrew the office of employment and hired a person outside of the protected class that was less qualified.

22. That the Defendant could not articulate a legitimate nondiscriminatory reason for its adverse employment action that deprived the Plaintiff of his earnings and other benefits and privileges of employment in violation of the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; and 42 U.S.C. § 1981.

## COUNT II.

4

## AMERICANS WITH DISABILITY ACT (ADA) AND AMERICANS WITH DISABILITY ACT AMENDMENT ACT OF 2008

23. That the Plaintiff realleges paragraph numbered (1) through (22) as though set forth word for word herein.

24. That the Plaintiff is a qualified disabled person under the Americans with Disabilities Act (ADA) OF 1990 AND the Americans with Disability Act Amendments Act of 2008.

25. That the Plaintiff was discriminated against as a result of his qualified disability of anxiety and his heart condition when the Defendant rescinded his job offer as a commercial truck driver when he informed the Defendant that a false-positive drug test for THCA was not a violation of the Controlled Substance Act.

26. That the Defendant failed and refused to enter into an interactive process with the Plaintiff to accommodate the Plaintiff's qualified disabilities in violation of the Americans with Disabilities Act (ADA) OF 1990 and the Americans with Disability Act Amendments Act of 2008.

27. That the Plaintiff could have performed the job as a commercial truck driver for the D8fendant with or without accommodation.

28. That the Defendant could not articulate a legitimate nondiscriminatory reason for its adverse employment action that deprived the Plaintiff of his earnings and other benefits and privileges of employment in violation of the Americans with Disabilities Act (ADA) of 1990 and the Americans with Disability Act Amendments Act of 2008.

## COUNT III.

### FAIR CREDIT REPORTING ACT

29.    That the Plaintiff realleges paragraph numbered (1) through (28) as though set forth word for word herein.

30.    The Fair Credit Report Act required the Defendant to give notice in writing that it would obtain background information, and that this information may be used in the decision of his employment. The Defendant failed to give the Plaintiff such notice under the FCRA.

31.    That the Defendant failed to give the Plaintiff a copy of the consumer report that it relied upon to make an adverse decision regarding the Defendant rescinding the offer to hire him.

32.    That the Defendant failed to provide the Plaintiff " A Summary Of Your Rights Under the Fair Credit Reporting Act.

33.    That the Defendant failed to give the Plaintiff the name, address, and telephone number of the company that sold the report.

34.    That the Defendant failed to notify the Defendant that he had the right to dispute the accuracy or completeness of the report, and to get an additional free report from the reporting company within 60 days.

35.    That the Defendant violated the Fair Credit Reporting Act depriving the Plaintiff of his earnings and other benefits and privileges of employment.

## COUNT IV.

### PENDANDT STATE CLAIM

6

36.   That the Plaintiff realleges paragraphs numbered (1) through (35) as though set forth word for word herein.

37.   That Plaintiff brings a claim for race discrimination and disability discrimination under Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107 that arises out of the same nucleus of facts as his claim for race discrimination and disability discrimination under the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; 42 U.S.C. § 1981.

38.   This Court has Pendent State Jurisdiction pursuant to 28 U.S.C. § 1367 to hear the Plaintiff's claims under the Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107

39.   That the Defendant's adverse employment decision to withdraw his offer of employment deprived him of his earnings and other benefits and privileges of employment.

## DAMAGES

40.   As a direct and proximate cause of the Defendant's discriminatory conduct in violation of the American with Disabilities Act of 1990, 42 U.S.C 12101 et seq ("ADA"), the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; 42 U.S.C. § 1981 the Americans with Disability Act Amendments Act of 2008 and Fair Debt Reporting Act. Plaintiff brings this action under the Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107 and Fair Credit Reporting Act, the Plaintiff has suffered and continues to suffer a loss of pay benefits and prestige.

41.   As a direct and proximate cause of the Defendant's discriminatory conduct in

7

violation of the American with Disabilities Act of 1990, 42 U.S.C 12101 et seq ("ADA"), the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; 42 U.S.C. § 1981 the Americans with Disability Act Amendments Act of 2008 and Fair Debt Reporting Act. Plaintiff brings this action under the Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107 and Fair Credit Reporting Act, the Plaintiff has suffered and continues to suffer mental and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotion pain and suffering.

42. The acts of the Defendant by and through its employees, agents, servants of representatives have been intentional and willful, and Plaintiff should therefore be entitled to an award of punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

1. Judgment against the Defendant in the sum of $350,000.00 for all other relief available to him, including his employment, back pay, front pay, and all other employment benefits, if any the American with Disabilities Act of 1990, 42 U.S.C 12101 et seq ("ADA"), the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; 42 U.S.C. § 1981 the Americans with Disability Act Amendments Act of 2008 and Fair Debt Reporting Act. Plaintiff brings this action under the Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107 and Fair Credit Reporting Act/

2. That Plaintiff should be awarded punitive damages to be proven at the trial of this matter.

3. Injunctive and declaration relief prohibiting the Defendant from further violations of the American with Disabilities Act of 1990, 42 U.S.C 12101 et seq ("ADA"), the 1964 Civil Rights Act, 42 US.C. § 2000e et seq.; 42 U.S.C. § 1981 the Americans with

8

Disability Act Amendments Act of 2008  and Fair Debt Reporting Act. Plaintiff brings this action under the Arkansas Civil Rights Act ('ACRA") of 1993 and Ark. Code Ann. § 16-123-107 and Fair Credit Reporting Act.

4.    Award of attorney's fees and court costs, including discretionary costs; and

5.    That the Plaintiff demands a jury trial.

6.    All other relief, legal equitable to which Plaintiff may be entitled.

Respectfully submitted,

/s/Sheila F. Campbell

Sheila F. Campbell  893-239
Attorney at Law
2510 Percy Machin Dr.
North Little Rock, AR  72114
(501)  374-0700 (telephone)
(501)  372-5375(fax)
Sheila.sfclaw@gmail.com

EEOG Form 5 (07/24)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974.
See attached Privacy Act Statement and other information before completing this form.

| CHARGE PRESENTED TO: | AGENCY CHARGE NO. |
|---|---|
| EEOC | 493-2025-00209 |

Name *(indicate Mr., Ms., Mrs., Miss, Mx., Dr., Hon., Rev.)*: Mr. Donald Stephens
Home Phone:     501-310-0916
Year of Birth:     1975
Street Address:   5500 Highland Drive Apt. # 1023
LITTLE ROCK, AR 72223

Named below is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency that I believe discriminated against me or others.

Name: AAA Cooper Transportation

No. Employees, Members: 501+ Employees

Phone No.:

Street Address:   4500 Thibault Rd

LITTLE ROCK, AR 72206

Name:

No. Employees, Members:

Phone No.:

Street Address:

DISCRIMINATION BASED ON:

Age, Disability, Race                                              ,

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/09/2024
Latest: 10/09/2024

THE PARTICULARS ARE:

In or around September 2024, I applied for an open Dedicated Flatbed Driver position for which I am well qualified. I received a conditional offer of employment on or around September 6, 2024. On or around October 9, 2024, I was notified that my conditional offer had been rescinded.

Despite having valid credentials, I was told that the offer was rescinded because of a failed drug test. However, the referenced matter was related to my medical condition, which I disclosed to the hiring manager.

I believe my offer of employment was rescinded and/or I was discharged due to my race (African American), in violation of Title VII of the Civil Rights Act of 1964, as amended, my age (49), in violation of the Age Discrimination in Employment Act of 1967, as amended, and my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.



Page 1 of 3

EEOC·Form 5 (07/24)
Digitally Signed By: Mr. Donald Stephens
10/25/2024
_____
Charging Party Signature & Date

_____

NOTARY – When necessary for State and Local Agency Requirements

_____

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information, and belief.

_____

Signature of Complainant

Subscribed and sworn to before me this date: _____

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Little Rock Area Office**
820 Louisiana St, Suite 200
Little Rock, AR 72201
(501) 900-6130
Website: www.eeoc.gov

# DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 10/29/2024

To: Mr. Donald Stephens
5500 Highland Drive Apt. # 1023
Little Rock, AR 72223

Re: EEOC Charge No: 493-2025-00209

EEOC Representative and email:    Joslyn Burchett
Investigator
joslyn.burchett@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 493-2025-00209.

On behalf of the Commission,

Digitally Signed By: William A Cash
10/29/2024

William A Cash
Area Office Director

**CC: AAA Cooper Transportation**

Please retain this notice for your records.

